IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-79,831-01




EX PARTE CUTBERTO PEREZ, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. CR-07-0170-A IN THE 22ND DISTRICT COURT
FROM HAYS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child and sentenced to fifteen years’ imprisonment. The Third Court of Appeals dismissed his
appeal. Perez v. State, No. 03-09-00092-CR (Tex. App.—Austin 2010, no pet.).
            Applicant contends that trial counsel rendered ineffective assistance. On September 11,
2013, we remanded this application and directed the trial court to order trial counsel to respond to
Applicant’s claim. We also directed the trial court to make findings of fact and conclusions of law
after it reviewed trial counsel’s response. On remand, the trial court found, among other things, that
trial counsel “has not provided an affidavit or other explanation or insight into her trial strategies or
conversations with Applicant.” 
            The record is not sufficient to resolve Applicant’s claim. We are unable to determine from
the record whether trial counsel was given an opportunity to respond to Applicant’s claim or whether
she was given an opportunity but declined to respond. If the trial court has not given trial counsel
an opportunity to respond, it shall do so. If trial counsel was given an opportunity to respond but
declined to do so, the trial court shall make this finding.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 
            If counsel responds to Applicant’s claim, the trial court shall make further findings of fact
and conclusions of law as to whether counsel’s conduct was deficient and Applicant was prejudiced. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed:  April 2, 2014
Do not publish